**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**NEW ENGLAND PROPERTY**
**SERVICES GROUP, LLC**
      Plaintiff,

v.                                        C.A. No. 2025-

**AMERICAN STRATEGIC**
**INSURANCE CORP.**
      Defendant.

<u>**NOTICE OF REMOVAL**</u>

Now comes the defendant, American Strategic Insurance Corp. ("ASIC"), and hereby gives notice of the removal of this action from the Providence County Superior Court of the State of Rhode Island, where it is now pending and styled as <u>*New England Property Services Group, LLC v. American Strategic Insurance Corp.*</u>, C.A. No. PC-2025-06223, to the United States District Court for the District of Rhode Island, pursuant to 28 USC § 1441 *et. seq.* In support of this petition, defendant ASIC avers as follows:

1.      Plaintiff New England Property Services Group, LLC commenced this action against defendant ASIC in the Providence County Superior Court of the State of Rhode Island on or about November 19, 2025. *Plaintiff's Complaint*, attached hereto as <u>Exhibit A</u>.

2.      Plaintiff served defendant ASIC with the Complaint through service upon the Rhode Island Insurance Commissioner on or about November 20, 2025. *Summons*, attached hereto as <u>Exhibit B</u>.

3.      The District Courts of the United States have original jurisdiction over civil actions where the parties are from diverse states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  28 USC § 1332(a)(1), 1441(a).  Removal of this action is not prohibited by 28 U.S.C. § 1445.

104742351.v1

4.      With respect to diversity, the plaintiff is a foreign corporation organized and existing under the laws of the Commonwealth of Massachusetts, with its principal place of business in Fall River, Massachusetts. Exhibit A, ¶ 1; *Plaintiff's Business Entity Summary*, attached hereto as Exhibit C.

5.      Defendant ASIC is a foreign corporation organized and existing under the laws of the State of Indiana with its principal place of business in St. Petersburg, Florida.

6.      Because the plaintiff is a corporation of the Commonwealth of Massachusetts and the defendant ASIC is a corporation of the State of Florida, complete diversity of jurisdiction exists.

7.      The amount in controversy exceeds $75,000, based on the allegations in the plaintiff's complaint. See Exhibit A, ¶ 44.

8.      Accordingly, the United States District Court for the District of Rhode Island has original jurisdiction over this action pursuant to 28 USC §1332(a) and this action is, therefore, removable to this Court pursuant to 28 USC § 1441.

9.      Pursuant to 28 USC § 1446(b), this notice is filed within thirty (30) days of plaintiff's service of its complaint on defendant ASIC.

10.     Pursuant to 28 USC § 1446(d), a copy of this Petition for Removal is being filed with the Clerk of Providence County Superior Court for the State of Rhode Island and is being served on plaintiff.

11.     Pursuant to Local Rule 81(a), defendant ASIC has requested that the Clerk of the Providence County Superior Court of the State of Rhode Island assemble and provide electronic certified copies of the docket sheet and of all records filed in the State Court action being removed.

104742351.v1

WHEREFORE, defendant ASIC hereby Requests that this action now pending against it in the Providence County Superior Court of the State of Rhode Island be removed from that Court to the United States District Court for the District of Rhode Island.

Respectfully submitted,

American Strategic Insurance Corp.,

By Its Attorneys,

*/s/ Jessica M. Savino, Esq.*

_____

Jessica M. Savino, # 10403
jsavino@morrisonmahoney.com
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210
Tel: 617-439-7525
Fax: 617-342-4928

104742351.v1

## <u>CERTIFICATION</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the

registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will

be sent to those indicated as non-registered participants on December 11, 2025.

*Counsel for plaintiff:*

Michael H. Brady, #6249
michael@newenglandpropertyservicesgroup.com
New England Property Services Group LLC
1822 North Main Street
Second Floor Annex, Suite 001
Fall River, MA 02720

*Also sent via U.S. First Class Mail to:*

Clerk of the Court
Providence County Superior Court
Licht Judicial Complex
250 Benefit Street
Providence, RI 02903

/s/ Jessica M. Savino, Esq.

# **EXHIBIT A**

## *Plaintiff's Complaint*

d in Providence/Bristol County Superior Court
omitted: 11/19/2025 9:09 AM
velope: 5406940
iewer: J'Lyn D.

STATE OF RHODE ISLAND                          SUPERIOR COURT
PROVIDENCE, SC

NEW ENGLAND PROPERTY          :
SERVICES GROUP, LLC,          :
      Plaintiff          :
                            :          C.A. No.:
v.                            :
                            :          **JURY TRIAL DEMANDED**
AMERICAN STRATEGIC           :
INSURANCE CORP.,             :
      Defendant          :

## COMPLAINT

## PARTIES

1. The Plaintiff, New England Property Services Group, LLC, ("NEPSG") is a Massachusetts Limited Liability Company that is properly registered to do business in the State of Rhode Island.

2. The Defendant, American Strategic Insurance Corp. ("AMERICAN") is a Florida Corporation with its principal offices located in the City of St. Petersburg, State of Florida and is properly licensed to do business in the State of Rhode Island.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to Rhode Island General Laws § 8-2-14. The amount in controversy is in excess of the minimum jurisdictional limits of the Court.

4. This Court also has jurisdiction under R.I. Gen Laws § 8-2-13, as the claims involve equitable relief and equitable issues.

5. Venue is proper in this Court, based upon the situs of the incident, as the location of the premises at issue is in Providence County, Rhode Island.

d in Providence County Superior Court
omitted: 11/19/2025 9:09 AM
relope: 5406940
viewer: J'Lyn D.

## GENERAL ALLEGATIONS

6. Lisa A. Annicelli and Lisa M. Annicelli ("Policyholders"), purchased AMERICAN Homeowner Policy Number RIA2650 ("Policy") and paid the premium.

7. The Policy insures Policyholder's residence at 32 Elm Street, North Providence, Rhode Island ("Subject Premises") against direct physical loss to the dwelling caused by storm and wind.

8. At all relevant times, the Policy provided coverage for direct physical loss to the Subject Premises.

9. At all relevant times, the Policyholders complied with all duties under the Policy.

10. At all relevant times, NEPSG complied with all duties under the Policy, including the duties after loss.

11. On or about August 4, 2022, the Subject Premises sustained direct physical loss to the roof caused by wind and wind-blown debris, resulting in interior water damage to the attic and ceilings.

12. On or about August 5, 2022, the Policyholders and New England Property Services Group, LLC ("NEPSG") executed a written Home Restoration Contract containing an irrevocable assignment of insurance claim benefits and rights ("Contract"). Under the Contract, the Policyholders assigned to NEPSG all rights and benefits under the Policy relating to the loss, and NEPSG agreed to perform the necessary repairs to restore the property to its pre-loss condition.

13. On or about August 5, 2022, an insurance claim ("Claim") was filed with AMERICAN under the Policy for the direct physical loss to the roof, attic and interior ceilings sustained on or about August 4, 2022.

2

d in Providence/Bristol County Superior Court
omitted: 11/19/2025 9:09 AM
/elope: 5406940
/iewer: J'Lyn D.

14. On or about August 7, 2022, Steven Ceceri, the sole member of NEPSG ("Mr. Ceceri"), emailed AMERICAN's claims department to notify the insurer that NEPSG was the lawful assignee of the Claim and provided a copy of the Contract.

15. On or about August 8, 2022, AMERICAN responded and provided the assigned claim number and advising that Breanna Dipeolu had been designated as the adjuster for the Claim.

16. On or about August 14, 2022, AMERICAN retained Independent Adjuster Nicholas Carifio of Alacrity Solutions ("Mr. Carifio"), to inspect and evaluate the damages to the Subject Premises.

17. On or about August 17, 2022, Mr. Ceceri and Mr. Carifio met at the Subject Premises to inspect the property.

18. On or about August 26, 2022, AMERICAN emailed only the Policyholders, not NEPSG the lawful assignee, confirming wind damage to the roof and water damage to the interior. IAMERICAN further advised the Policyholders that Mr. Carifio's estimate reflected an amount of loss of $2,006.64, which, after application of the $1,000.00 deductible, resulted in a net claim payment of $1,006.64.

19. On or about the same date, AMERICAN sent a letter to only the Policyholders, not NEPSG as the lawful assignee, enclosing Mr. Carifio's estimate and stating that a payment of $1,006.64 was being issued solely to the Policyholders.

20. NEPSG disagreed with AMERICAN's estimated loss. On or about August 26, 2022, Mr. Ceceri sent a written demand for appraisal, naming Peter Amaral ("Mr. Amaral") as NEPSG's appraiser for the Claim.

ed in Providence/Bristol County Superior Court
omitted: 11/19/2025 9:09 AM
elope: 5406940
iewer: J'Lyn D.

21. On or about September 1, 2022, AMERICAN Senior Claims Adjuster Patricia Rudnick ("Ms. Rudnick") sent NEPSG and the Policyholders a letter stating that NEPSG's appraisal request was premature.

22. On or about September 2, 2022, Ms. Rudnick sent NEPSG and the Policyholders an email attaching AMERICAN's reservation-of-rights letter regarding the Claim.

23. On the same date, Mr. Ceceri responded, reaffirming that NEPSG's August 26, 2022 demand for appraisal remained valid and proper under the Policy's appraisal clause.

24. On or about September 5, 2022, the Policyholders notified NEPSG that AMERICAN had issued the payment check directly to them, rather than to NEPSG as the lawful assignee, in violation of the Policy.

25. On or about September 6, 2022, NEPSG requested that AMERICAN stop payment on the original check and reissue a new check listing only NEPSG as the payee.

26. On or about September 9, 2022, Ms. Rudnick sent a letter informing NEPSG that AMERICAN had placed a stop payment on the original check and was reissuing a new payment to NEPSG.

27. On or about September 12, 2022, Ms. Rudnick notified NEPSG that AMERICAN had agreed to NEPSG's demand for appraisal and had designated Robert Corley ("Mr. Corley") as AMERICAN's appraiser.

28. On or about October 19, 2022, NEPSG notified AMERICAN that Mr. Amaral had resigned as its appraiser and that Christopher Ceceri was appointed as its replacement appraiser.

29. The appraisers could not agree on the scope of work or the amount of loss, requiring appointment of an appraisal umpire under the Policy's "Appraisal" clause.

30. More than fifteen (15) days passed without agreement of the appraisers on an umpire after exchanging candidates.

4

d in Providence/Bristol County Superior Court
omitted: 11/19/2025 9:09 AM
elope: 5406940
iewer: J'Lyn D.

31. On or about May 23, 2023, NEPSG filed a Miscellaneous Petition for Appointment of an Umpire pursuant to the Policy's appraisal clause with the Providence County Superior Court..

32. On or about June 13, 2023, the Honorable Associate Justice R. David Cruise of the Providence County Superior Court appointed Felix Carlone, as appraisal umpire ("Umpire Carlone").

33. On or about July 13, 2023, NEPSG notified AMERICAN that it replaced Christopher Ceceri with Ed Ladouceur ("Mr. Ladouceur") as its appraiser.

34. The Claim proceeded through a lengthy appraisal process, and an appraisal award ("Award") was issued by Umpire Carlone and executed by both Umpire Carlone and Mr. Ladouceur on or about March 5, 2024, resolving the Claim's amount of loss.

35. The Award set the amount of loss at $81,042.00 which was reduced by the prior payment of $1,006.64 and the $1,000.00 deductible, resulting in a net amount of loss of $79,035.36. The Award also included $15,323.36 of statutory interest pursuant to R.I. Gen. Laws § 9-21-10, for a total Award of $94,358.72.

36. The "Loss Payment" clause in the Policy provides in pertinent part:

> We will adjust all losses with you. We will pay you **unless some other person** is named in the policy or **is legally entitled to receive payment**. **We will pay within 30 days after**:
>
> 1.   We reach an agreement with you;
> 2.   A final judgment is entered, provided that judgment is not appealed; or
> 3.   **An appraisal award is filed, provided that appraisal award is not contested**. *Emphasis added.*

37. Pursuant to 230-RICR-20-40-2.7(F), AMERICAN was obligated to pay the Award within thirty (30) days:

> "The insurer shall affirm or deny liability within a reasonable time and **shall tender payment of all claims in which damages are not in dispute within thirty (30) days of affirmation of liability**. In claims where multiple coverages are involved payments which are not in dispute and where the payee is known

ed in Providence/Bristol County Superior Court
omitted: 11/19/2025 9:09 AM
velope: 5406940
viewer: J'Lyn D.

should be tendered within thirty (30) days if such payment would terminate the insurer's known liability under that individual coverage." (Emphasis added).

38. AMERICAN was also obligated to pay the Appraisal Award solely to NEPSG as the party legally entitled to payment under the Policy and Contract.

39. On or about March 6, 2024, NEPSG emailed AMERICAN a signed copy of the Award, and on or about March 8, 2024, AMERICAN agreed to pay NEPSG the full Award.

40. Accordingly, AMERICAN was obligated to pay NEPSG $94,358.72 within thirty (30) days of execution, on or before April 5, 2024.

41. On or about April 5, 2024, NEPSG received a check from AMERICAN in the amount of $79,035.36, which also named the Policyholders as payees.

42. NEPSG informed AMERICAN that the check was for the wrong amount and improperly included the Policyholders as payees, in violation of the Policy and Contract.

43. On or about April 11, 2024, NEPSG received a second check from AMERICAN dated April 5, 2024, for $15,323.36, again also naming the Policyholders as payees.

44. NEPSG avers that AMERICAN's failure to pay the $94,358.72 Award within thirty (30) days violated the Policy's "Loss Payment" clause.

45. NEPSG avers that AMERICAN's failure to pay within thirty (30) days also violated 230-RICR-20-40-2.7(F).

46. NEPSG avers that AMERICAN's inclusion of the Policyholders as payees on both checks violated the Policy's "Loss Payment" clause.

## COUNT I
## Breach of Contract

47. Plaintiff NEPSG repeats and realleges each and every allegation made in paragraphs 1 through 46 of the Complaint, as if fully set forth herein.

d in Providence/Bristol County Superior Court
mitted: 11/19/2025 9:09 AM
elope: 5406940
iewer: J'Lyn D.

48. AMERICAN had a contractual obligation, pursuant to the Policy's "Loss Payment" clause, to pay the full $94,358.72 Award amount within thirty (30) days of its filing, on or about April 5, 2024.

49. AMERICAN had a contractual obligation, in accordance with the Policy's "Loss Payment" clause, to pay the Award solely to NEPSG as the party legally entitled to receive payment.

50. AMERICAN was independently obligated, under its duty of good faith and fair dealing and in accordance with 230-RICR-20-40-2.7(F), to pay the Appraisal Award within thirty (30) days of its execution.

51. AMERICAN breached its duty of good faith and fair dealing, as well as the Policy's "Loss Payment" clause, by failing to pay the full $94,358.72 Award within thirty (30) days of its filing..

52. AMERICAN breached its duty of good faith and fair dealing by failing to pay NEPSG within the thirty (30) day period mandated by 230-RICR-20-40-2.7(F), thereby causing an unreasonable delay in the conclusion of the appraisal process.

53. AMERICAN further breached its duty of good faith and fair dealing, as well as the Policy's "Loss Payment" clause, by failing to issue payment solely to NEPSG and by improperly naming the Policyholders as payees, despite having actual notice of the Contract.

54. As a direct and proximate result of AMERICAN's breaches of the Policy and its implied duty of good faith and fair dealing, NEPSG suffered damages.

55. The damages suffered by NEPSG were a foreseeable consequence of AMERICAN's breach of the Policy and its implied duty of good faith and fair dealing.

56. Solely as a result of AMERICAN's breach of its obligations under the Policy and its implied duty of good faith and fair dealing, NEPSG suffered damages.

:d in Providence/Bristol County Superior Court
smitted: 11/19/2025 9:09 AM
/elope: 5406940
/iewer: J'Lyn D.

## COUNT II
## Common Law Bad Faith and Violation of R.I. Gen. Laws 9-1-33

57. Plaintiff NEPSG repeats and realleges each and every allegation made in paragraphs 1 through 56 of the Complaint, as if fully set forth herein.

58. AMERICAN had a duty to deal in good faith with NEPSG during the settlement and resolution of the Claim, pursuant to Rhode Island law, including, but not limited to, R.I. Gen. Laws § 9-1-33.

59. AMERICAN acted in bad faith in its handling of the Claim, including but not limited to, forcing NEPSG to initiate litigation to compel payment of the Award solely to NEPSG, despite clear notice of the Contract; and failing to pay NEPSG the full $94,358.72 Award within thirty (30) days of its filing, as required by the Policy and Rhode Island law.

60. As a direct and proximate result of Defendant AMERICAN' acts of bad faith, NEPSG suffered damages.

61. The damages suffered by NEPSG were a foreseeable consequence of Defendant AMERICAN' bad faith conduct.

62. Solely as a result of Defendant AMERICAN' bad faith conduct, NEPSG has suffered damages.

## DEMAND FOR JUDGMENT

WHEREFORE, Plaintiff, NEPSG on Counts I, and II of the Complaint demands judgment in its favor and against Defendant, AMERICAN in an amount sufficient to establish jurisdiction of this Honorable Court, as may be determined at trial, including, but not limited to: compensatory damages, consequential damages, and punitive damages, plus all interest (including interest pursuant to R.I. Gen. Laws § 27-7-2.2), costs, attorney fees and such other and further relief as this Court deems meet and just.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE.**

d in Providence/Bristol County Superior Court
ɔmitted: 11/19/2025 9:09 AM
/elope: 5406940
/iewer: J'Lyn D.

New England Property Services Group, LLC
By its attorneys,

/s/ Michael H. Brady
Michael H. Brady #6249
New England Property Services Group, LLC
1822 North Main Street
Second Floor Annex Suite 001
Fall River, MA 02720
(508) 567-5738 - Phone
(508) 205-9109 - Fax
michael@newenglandpropertyservicesgroup.com

# **EXHIBIT B**

## *Summons*



**STATE OF RHODE ISLAND JUDICIARY**

**SUPERIOR COURT**

**SUMMONS**

RECEIVED

NOV 20 2025

STATE OF RHODE ISLAND
INSURANCE DIVISION

| | |
|---|---|
| | **Civil Action File Number**<br>PC-2025-06223 |
| **Plaintiff**<br>NEW ENGLAND PROPERTY SERVICES GROUP, LLC<br>v.<br>AMERICAN STRATEGIC INSURANCE CORP<br>**Defendant** | **Attorney for the Plaintiff or the Plaintiff**<br>Michael H. Brady |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>1822 North Main Street<br>2nd Floor Annex #001<br>Fall River MA  02720 |
| Licht Judicial Complex<br>Providence/Bristol County<br>250 Benefit Street<br>Providence RI  02903<br>(401) 222-3250 | **Address of the Defendant**<br>2 ASI Way<br>St. Petersburg FL  33702 |

**TO THE DEFENDANT, AMERICAN STRATEGIC INSURANCE CORP:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 11/19/2025. | /s/ Stephen Burke<br>Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised November 2022)



# STATE OF RHODE ISLAND JUDICIARY

## SUPERIOR COURT

| | |
|---|---|
| **Plaintiff**<br>NEW ENGLAND PROPERTY SERVICES GROUP, LLC<br>v.<br>AMERICAN STRATEGIC INSURANCE CORP<br>**Defendant** | **Civil Action File Number**<br>PC-2025-06223 |

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, AMERICAN STRATEGIC INSURANCE CORP, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____
_____
Age _____
Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
_____

☐ With a guardian or conservator of the Defendant.
Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name of person and designation _____

Page 1 of 2



# STATE OF RHODE ISLAND JUDICIARY

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:

☐ By delivering said papers to an officer or a managing or general agent.

Name of person and designation _____

☐ By leaving said papers at the office of the corporation with a person employed therein.

Name of person and designation _____

☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.

Name of authorized agent _____

If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ I was unable to make service after the following reasonable attempts:

_____
_____

| SERVICE DATE: ____ / ____ / ____ | SERVICE FEE $ _____ |
| Month   Day   Year | |

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE
_____

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____

Signature

State of _____

County of _____

On this _____ day of _____, 20 ____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____

My commission expires: _____

Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised November 2022)

# **EXHIBIT C**

***Plaintiff's Business Entity Summary***

**Secretary of the Commonwealth of Massachusetts**
William Francis Galvin

---

## Business Entity Summary

ID Number: **001276562**

[ Request certificate ]   [ New search ]

Summary for:  **NEW ENGLAND PROPERTY SERVICES GROUP, LLC**

| | |
|---|---|
| **The exact name of the Domestic Limited Liability Company (LLC):**  NEW ENGLAND PROPERTY SERVICES GROUP, LLC |
| **Entity type:**  Domestic Limited Liability Company (LLC) |
| **Identification Number:** 001276562 |
| **Date of Organization in Massachusetts:**  06-01-2017       **Date of Revival:** |
| **Last date certain:** |

**The location or address where the records are maintained** (A PO box is not a valid location or address):

Address:    1822 NORTH MAIN STREET SECOND FLOOR ANNEX SUITE 001

City or town, State, Zip code, Country:        FALL RIVER,  MA   02720   USA

**The name and address of the Resident Agent:**

Name:      STEVEN CECERI

Address:    1822 NORTH MAIN STREET SECOND FLOOR ANNEX SUITE 001

City or town, State, Zip code, Country:        FALL RIVER,  MA   02720   USA

**The name and business address of each Manager:**

| Title | Individual name | Address |
|---|---|---|
| MANAGER | STEVEN CECERI | 1822 NORTH MAIN STREET, SECOND FLOOR ANNEX SUITE 001 FALL RIVER, MA 02720 USA |

**In addition to the manager(s), the name and business address of the person(s) authorized to execute documents to be filed with the Corporations Division:**

| Title | Individual name | Address |
|---|---|---|
| | | |

**The name and business address of the person(s) authorized to execute, acknowledge, deliver, and record any recordable instrument purporting to affect an interest in real property:**

| Title | Individual name | Address |
|---|---|---|
| REAL PROPERTY | STEVEN CECERI | 1822 NORTH MAIN STREET, SECOND FLOOR ANNEX SUITE 001 FALL RIVER, MA 02720 USA |

☐ **Consent**      ☐ **Confidential Data**      ☐ **Merger Allowed**      ☐ **Manufacturing**

**View filings for this business entity:**

ALL FILINGS
Annual Report
Annual Report - Professional
Articles of Entity Conversion
Certificate of Amendment
Certificate of Cancellation

[ View filings ]

**Comments or notes associated with this business entity:**

[ New search ]

Rhode Island Department of State
**Gregg M. Amore**
Secretary of State

HOME      BUSINESS SERVICES      ELECTIONS      CIVICS AND EDUCATION

## Entity Summary

**ID Number: 001675746**                    [ Request certificate ]   [ New search ]

**Summary for:  New England Property Services Group, LLC**

| | |
|---|---|
| **The exact name of the Foreign Limited Liability Company:**  New England Property Services Group, LLC | |

**Entity type:**   Foreign Limited Liability Company

**Identification Number:** 001675746

**Date of Registration in Rhode Island:**  07-24-2017        **Effective Date:**  07-24-2017

**Organized under the laws of: State:** MA **Country:** USA

**The location of the Principal Office:**

Address:   1822 NORTH MAIN STREET SECOND FLOOR ANNEX, SUITE 001
City or Town, State, Zip, Country:          FALL RIVER,  MA  02720  USA

**The mailing address or specified office:**

Address:   1822 NORTH MAIN STREET SECOND FLOOR ANNEX SUITE 001
City or Town, State, Zip, Country:          FALL RIVER,  MA  02720  USA

**Agent Resigned:** N                              **Address Maintained:** Y

**The name and address of the Resident Agent:**

Name:     THOMAS ALVES
Address:   33 GREAT ROAD
City or Town, State, Zip, Country:          BARRINGTON,  RI  02806  USA

**The limited liability company is to be managed by its Managers**
**The name and business address of each Manager:**

| Title | Individual name | Address |
|---|---|---|
| MANAGER | STEVEN CECERI | 13225 PATRIOT WAY WEST GREENWICH, RI 02817 USA |

**Purpose:**

PROVIDING GENERAL CONTRACTING SERVICES ON RESIDENTIAL PROPERTIES, INCLUDING
BUT NOT LIMITED TO MITIGATION, REMEDIATION, AND/OR RESTORATION OF PROPERTIES
FROM STORM RELATED DAMAGES AS WELL AS OTHER DAMAGES CAUSED BY WATER FROM
VARIOUS SOURCES.

**North American Industry Classification System Code(NAICS):**

236118 Residential Remodelers

**View filings for this business entity:**

ALL FILINGS
Amendment to Application for Registration
Annual Report
Annual Report - Amended
Annual Report - Reinstatement

Click here to access 2006 and 2007 annual reports filed prior to July 25, 2007. The corporate ID is required.

[ View filings ]

[ New search ]